IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal Case No. |
| ) | 2:94cr62-MHT |
| RONALD LANDER ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant, Ronald Lander ("Lander"), seeks to modify his federal sentence through his "Motion for Reduction of Sentence Pursuant to Amendment 505 and 1B1.10 of U.S.S.G." For the following reasons, the motion is due to be denied.

**I. INTRODUCTION**

On November 17, 1994, following a jury trial, Lander was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base and three counts of cocaine distribution. At his May 22, 1995, sentencing hearing, the district court sentenced him to 324 months' imprisonment for each conviction, all sentences to run concurrently.[1] On October 1, 2007,[2] Lander filed the present motion, asking the district court to "use its discretion [to] reduce the petitioner's current term of incarceration based on the retroactive

---

[1]Lander filed a direct appeal, and on October 29, 1998, the Eleventh Circuit affirmed his conviction and sentence. *See United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998) (unpublished table decision). On January 13, 2000 (Doc. No. 1342), Lander filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court denied his § 2255 motion on December 16, 2003. (*See* Doc. Nos. 1639 & 1756-57.)

[2]Although Lander's motion was date-stamped "received" in this court on October 3, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, October 1, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

amendment 505" of the Sentencing Guidelines.  (Doc. No. 1920 at 1.)  For the reasons that follow, this court concludes that Lander is not entitled to any relief.

## II. DISCUSSION

Lander maintains that this court has jurisdiction to apply Amendment 505 retroactively so as to effect a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). (Doc. No. 1920 at 3-4.)  Under § 3582(c)(2), a court may reduce a person's sentence if the guideline under which the person was sentenced has subsequently been lowered by the Sentencing Commission and such a reduction is consistent with policy statements of the Sentencing Commission.[3]  Amendment 505 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) by, *inter alia*, eliminating the base offense levels of 40 and 42 and lowering the maximum base offense level that may be based on drug quantity to 38.  *See* U.S.S.G. app. C, amend. 505 (2006).  The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, indicates that Amendment 505 is retroactively applicable.  U.S.S.G. § 1B1.10(c).

Lander asserts that the district court, when calculating his sentence, assigned him a base offense level of 38 based on the drug quantities involved in his offense and then applied

---

[3]Section 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

two additional points to his offense level for his firearm possession, resulting, he says, in a "total base offense level" of 40. (Doc. No. 1920.) He argues that because his "total base offense level" was 40, the district court should reconsider his sentence under the guidelines as amended by Amendment 505, taking into account, among other things, his rehabilitative efforts and his "good family ties" and community connections. (*Id.* at 4.) According to Lander, were Amendment 505 to be applied, his sentencing range under the guidelines would be lowered, authorizing this court to impose a reduced sentence.

Lander's argument is constructed on two faulty premises. First, Lander is incorrect in suggesting that his base offense level was 40. The record reflects that his base offense level – which was based on the court's determination that 150 kilograms or more of cocaine were attributable to him – was found to be 38.[4] Lander's *total* offense level was determined to be 40 after the court enhanced his offense level by two additional points based on his firearm possession.[5] Secondly, Amendment 505, upon which Lander bases his claim for relief, took effect on November 1, 1994. *See* U.S.S.G. app. C, amend. 505 (2006). Lander was sentenced on May 22, 1995 – several months after the effective date of Amendment 505. Consequently, Lander cannot argue that he was "sentenced to a term of imprisonment ... that has subsequently been lowered by the Sentencing Commission." 18 U.S.C § 3582(c)(2). A defendant seeking a sentence modification pursuant to 18 U.S.C. § 3582(c)(2) cannot

---

[4] *See* U.S.S.G. § 2D1.1(c)(1).

[5] Lander erroneously conflates base offense level and total offense level when he refers to his "total base offense level."

premise his claim for a sentence reduction on a change to the guidelines made after the defendant's sentencing.[6]  *See United States v. Herrera-Garcia*, 422 F.3d 1202, 1203 (10th Cir. 2005); *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003).

Because Amendment 505 did not lower the sentencing range upon which Lander's sentence was based and was already in effect when Lander was sentenced, the relief requested by Lander is not afforded pursuant to 18 U.S.C. § 3582(c)(2).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for a sentence reduction (Doc. No. 1920) filed by Lander be DENIED as he is not entitled to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 28, 2007.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See*

---

[6]There is certainly no indication that the court failed to take Amendment 505 into consideration at Lander's sentencing since Lander's base offense level did not exceed 38.

4

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of November, 2007.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE