IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| v. | ) | 2:94cr62-MHT |
| | ) | (WO) |
| RONALD LANDER | ) | |

OPINION AND ORDER

This case is now before the court on defendant Ronald Lander's petition for early termination of his concurrent 10- and six-year terms of supervised release, which were imposed in 1995 for his involvement in a drug conspiracy. He has so far served over three and half years of supervised release. The probation department recommends that the motion for early termination be granted based on Lander's success thus far on supervision and low risk of reoffending. The government opposes early termination, arguing that it would be "unwise" to terminate his term of supervision at this time that in light of his criminal history, his past involvement in a very large criminal enterprise,

and the lengthy term of imprisonment he served. Gov't's Resp. to Court Order (doc. no. 2168) at 3.

Admittedly, Lander does have a significant criminal history and served a lengthy sentence for a serious crime. Nevertheless, a critical factor is whether he is need of further supervision. *See United States v. Haymond*, 139 S. Ct. 2369, 2382 (2019) (plurality opinion) (Gorsuch, J., on behalf of four Justices) ("supervised release wasn't introduced to replace a portion of the defendant's prison term, only to encourage rehabilitation after the completion of his prison term") (*citing* United States Sentencing Commission, Guidelines Manual ch. 7, pt. A(2)(b) (Nov. 2012); Doherty, Indeterminate Sentencing Returns: The Invention of Supervised Release, 88 N. Y. U. L. Rev. 958, 1024 (2013)); *Haymond*, 139 S. Ct. at 2389 (Alito, J., dissenting, on behalf of four Justices) ("By abolishing parole and substituting supervised release, the [Sentencing Reform Act of 1984] sought to retain the chief benefit of parole, *i.e.*, providing a

transition period of monitoring to ensure that a prisoner who leaves prison has been sufficiently reformed so that he is able to lead a law-abiding life."); *id.* at 2385 (Breyer, J., concurring in judgment) ("I agree with much of the dissent, in particular that the role of the judge in a supervised-release proceeding is consistent with traditional parole.").

Lander is now 57 years old; has spent much of his life in prison; has, since his release, complied with all conditions imposed upon him for over three and half years; has successfully reintegrated into the community, including by maintaining a stable residence and employment; and has supportive family relationships that assist in his rehabilitation. According to his supervising probation officer, Lander also meets the criteria for early termination as contained in the *Guide to Judiciary Policy, Volume 8, Part E*. The officer recommends termination of his term of supervised release. The court is convinced that he

poses a low risk of recidivism and that he no longer needs the assistance of the Probation Department or the court to continue with his rehabilitation.  For all of these reasons, his supervised release should and will be terminated.

***

Accordingly, it is ORDERED that:

(1) The petition for early termination of supervised release (doc. no. 2166) is granted.

(2) Defendant Ronald Lander's term of supervised release is terminated effective immediately, and he is discharged.

DONE, this the 23rd day of September, 2019.

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**